DOWNEY, Chief Judge.
The State of Florida has appealed the issuance of a writ of prohibition in which the Circuit Court of the Seventeenth Judicial Circuit prohibited the County Court from proceeding to trial of appellee for violation of a municipal ordinance.
Appellee filed a request for transfer of his ordinance violation from the Municipal Court of Pembroke Pines to the County Court of Broward County. The Municipal Judge signed the order of transfer and seven days later the Clerk of the Municipal Court received the order and effected the transfer on that same day. Appellee sought a writ of prohibition in the Circuit Court to prohibit the Appellant County Judge from proceeding with a trial of his case. It was appellee’s contention that the Municipal Court had not complied with the three day requirement for transfer of the record to the County Court.
Section 932.61, Florida Statutes (1975), requires a municipal judge to forthwith entertain a petition for transfer to a court providing jury trials and, upon finding the petition to be correct, order by written endorsement on the petition, the transfer of the cause to the appropriate court. The statute goes on to provide that the Clerk of the Municipal Court shall within three days from receipt of the judge’s order transfer the original record to the appropriate court.
There is no claim here that the municipal judge did not entertain the petition forthwith or that the clerk did not transfer the record within three days as required by the statute. On the contrary, appellee alleged in his petition for writ of prohibition in the Circuit Court that “the municipality had failed to transfer the said cause to the County within the requisite three (3) days from the date of the signing of the order of transfer, pursuant to F.S. 932.61(4).” Ap-pellee argued the three day requirement was mandatory and jurisdictional and, thus, the County Court should not be allowed to proceed.
We need not reach the merits of appel-lee’s contention regarding the mandatory versus directory aspect of the statutory section involved because the three day time specification was complied with. That requirement pertains to the clerk’s transfer of the record after receipt of the judge’s order, not three days after the date of the order.
In view of the foregoing the County Court acted within its jurisdiction in denying appellee’s motion to dismiss the charges and the issuance of the writ of prohibition was error and is accordingly reversed.
*455 CROSS, J., concurs.
DAUKSCH, J., dissents without opinion.